UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Case No. 09-cr-00383-8 |
| v. | ) ) ) | Judge Sharon Johnson Coleman |
| FELIPE CABRERA-SARABIA | ) ) ) | |

**ORDER**

Defendant Felipe Cabrera-Sarabia files his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) alleging that the physical abuse he suffered while in custody in Mexico constitutes an extraordinary and compelling reason to reduce his sentence under U.S Sentencing Guidelines § 1B1.13(b)(4)(B). The government opposes this motion. Because the Court already took into account the alleged physical abuse through its sentence mitigation under 18 U.S.C. § 3553(a), the Court denies Defendant's request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) without prejudice.

**Background**

On December 23, 2011, Defendant was arrested in Mexico on criminal charges. (Dkt. 955, ¶ 34.) On January 5, 2012, Defendant was charged in the third superseding indictment with drug conspiracy, international drug conspiracy, and drug distribution. (Dkt. 157.) Defendant remained incarcerated in Mexico on the criminal charges and the U.S. government's provisional arrest warrant until June 12, 2020, when he was extradited to the United States. (Dkt. 955, ¶ 34.) On June 16, 2020, Defendant was arraigned before the Court under the third superseding indictment. (Dkt. 821.) Then, on January 20, 2023, Defendant plead guilty to the drug distribution charge (Count Five) of the indictment pursuant to a plea agreement. (Dkt. 931.) Defendant was sentenced on October 1, 2023,

to a total term of 128 months imprisonment. (Dkt. 976.) This sentence was reduced from 230 months to credit the 102 months of custody Defendant served in Mexico. (Dkt. 978.)

**Discussion**

To be granted compassionate release, a defendant must show that "extraordinary and compelling" reasons warrant such reduction and that the reduction is consistent with the sentencing factors referenced in 18 U.S.C. § 3553(a). *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). Here, Defendant seeks to rely on Sentencing Guideline § 1B1.13(b)(4)(B) which identifies physical abuse resulting in serious bodily injury that was (1) suffered "while in custody serving the term of imprisonment sought to be reduced"; (2) "committed by, or at the direction of, . . . an individual who had custody or control over the defendant"; and (3) "established by a conviction in a criminal case, a finding of liability in a civil case, or a finding in an administrative proceeding" as such an "extraordinary and compelling reason." As a catchall, § 1B1.13(b)(5) provides that "circumstance or combination of circumstances that, . . . are similar in gravity" to those described in § 1B1.13(b)(4) may also warrant a sentence reduction.

That Defendant has alleged facts that he suffered physical abuse falling under the purview of either § 1B1.13(b)(4)(B) or the catchall provision provided in § 1B1.13(b)(5) is not in dispute.[1] Prior to sentencing, Defendant describe in his sentencing memorandum that he had been the victim of abuse while in custody in Mexico:

> From the time of his arrest in Mexico in late 2011 to his extradition to the United States in 2020, Mr. Cabrera-Sarabia endured abuse while incarcerated in Mexico. It was a military reaction group of sixteen agents who arrested him at his home, exercising acts of violence and physical torture on him

---

[1] To the extent that there is a legal question as to whether § 1B1.13(b)(4)(B) applies to conduct outside of the United States, the Court declines to reach that question.

> before making him available to the competent authority. During his arrest and while in their custody, the members of the military who arrested him tortured him—by violently beating him and by blindfolding and asphyxiating him with a bag over his head on four or five different occasions. PSR at ¶ 54. He finally underwent hernia surgery in September 2022, to repair some of the damage he sustained as a result of that beating. Id. at 51. For much of the time he was in prison in Mexico, the conditions of the prisons were horrific, and he was confined to his cell in solitary confinement 24 hours a day. While he was detained for eight years, five months, and nineteen days in various Mexican federal prisons, the Defendant Cabrera Sarabia was subjected to separate inhuman and degrading acts of torture by his captors.

(Dkt. 970.) But "facts known at the original sentencing cannot justify a later reduction" of a sentence. *United States v. Wrice*, No. 21-1947, 2021 WL 7209619 at *1 (7th Cir. Dec. 20, 2021). Because the Court already considered this physical abuse in reducing his sentence under § 3553(a), Defendant cannot now assert this physical abuse as an "extraordinary and compelling reason" for a further sentence reduction. *See United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (explaining that the fact that defendant would be deported after his sentence was not an "extraordinary or compelling reason" for sentence reduction because "[t]hat was known from the outset and played a role in setting the original sentence").

That the Court considered Defendant's prior physical abuse in sentencing Defendant is clear from the record. During the sentencing hearing, counsel for Defendant emphasized the physical abuse described in his sentencing memorandum to support mitigation of his sentence:

> I would like to talk about his incarceration and his arrest. As we noted for the Court, when he was arrested by military—Mexican military—members,

> they beat him and tortured him, essentially, in front of his family. A couple of his children are still being seen or seeing psychologists for post-traumatic stress. They beat him. They put a bag over his head, slapped his ears, which sustained some damage. And the beating, as the probation officer notes and the PSI states, resulted in a hernia, which just was recently operated on in 2022. So, since the beating in detention in Mexico, he has been in pain for many years. And, then, the conditions in the prison are harsh conditions.
>
> And, as the Judge is well aware, there have been decisions out of this circuit that harsh conditions can be considered in determining what the sentence should be for a person found guilty of a crime. And I don't think there could be much harsher conditions or much harsher initial arrest than the arrest he suffered, and the conditions he suffered in prison in Mexico.

(Dkt. 1032-5 at *58–59.) Counsel for Defendant went even further and directly cited to the yet to be enacted § 1B1.13(b)(4)(B) as a basis for downward mitigation of Defendant's sentence:

> On that issue, finally, the Court, I am sure, is aware that there was a recent amendment to the Sentencing Guidelines concerning specifically this kind of case. There is a provision. It is 1B1.13(b)(4)(B), and it pertains to victims of abuse. That will go into effect in November. But I would ask the Court to consider that as a basis for a downward departure or downward variance. And it, basically, states: "A victim of abuse of a defendant while in custody, serving the term of imprisonment sought to be reduced, was a victim of physical abuse resulting in serious bodily injury, as defined in the commentary, to be 1B1.1, that was committed by or at the direction of a

> correctional officer, an employee or contractor of the Bureau of Prisons or any other individual who had custody or control over the defendant."
>
> In this case, the Mexican prison authorities had custody and control of him for eight-and-a-half years, your Honor. And the infliction occurred when he was taken into custody by the military police officers—the military—Mexican military officers. And he did—it did—result in serious bodily injury. So, I would ask the Court to consider that in determining how to fashion the sentence for Mr. Cabrera.

(*Id.* at *59–60.) The Court recognized this abuse in its final elocution of the downward mitigation of Defendant's sentence under § 3553(a), saying "The Court also notes that the other defendant [(i.e., co-defendant Tomas Arevalo-Renteria)] had some issues with not great conditions while he was in custody, *as we have here in this case*. Mr. Cabrera Sarabia talks about the conditions he suffered *while in Mexican custody*." (*Id.* at *80) (emphasis added). Then, after noting that the U.S. Sentencing Guidelines set forth a recommended range of 292 months to 365 months in custody, the Court determined, "taking into account his in-custody provisions that [Defendant] had—situations that he had—prior," that a sentence of 230 months was sufficient "but not greater than necessary." (*Id.* at *81.) This sentence was sixty-two months less than the low end of the Guidelines range and eight months less than the sentence sought by the government, *Id.*, reflecting a considerable § 3553(a) downward mitigation of a sentence that was further reduced to 128 months to credit the 102 months of custody that Defendant served in Mexico. (Dkt. 978.)

The fact that § 1B1.13(b)(4)(B) was not yet in effect at the time of Defendant's sentencing is immaterial. The underlying conduct—the physical abuse Defendant suffered while in custody in Mexico—was a known fact that was considered by the Court in its initial sentencing. For these reasons, the Court denies Defendant's motion.

**Conclusion**

For these reasons, the Court denies Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) without prejudice [1032, 1033].

**IT IS SO ORDERED.**

Date: 2/3/2025

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge